*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-027

JANUARY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Miguel Francisco | } | DOCKET NO. 2803-7-13 Cncr |

Trial Judge: Michael S. Kupersmith

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction, based on a jury verdict, of domestic assault. He contends the trial court erred in admitting certain hearsay statements, and that absent the statements, the evidence was insufficient to support the judgment. We affirm.

The record evidence may be summarized as follows. On the evening of July 11, 2013, a man and his girlfriend began chatting with the victim on a city bus, learned that she had a room for rent that they were interested in, and returned with the victim to her apartment in Winooski to see it. The prospective tenants both testified that, upon entering the victim's building and climbing the stairs to her apartment, they observed an individual whom they later identified as defendant seated at the top of the stairs; he was looking down the stairs, with his back to the apartment door. They testified that, when he saw them, defendant's demeanor became angry and belligerent, and he began yelling at the victim in Spanish. The woman detected the odor of alcohol. The victim immediately appeared to become agitated and told defendant several times that she was going to call the police.

As the victim entered the apartment with the prospective tenants, defendant pushed his way inside, as well. The prospective tenants both observed defendant continue to yell at the victim, and the confrontation almost immediately became physical. They observed defendant push the victim while she tried to resist, and that he then put his hands around her neck and drove her backwards. When this happened, the woman observed the victim's face become emotional with "tears, redness . . . fright [and] anxiety" but she was able to use defendant's momentum and his unsteadiness on his feet to maneuver him toward the entrance and push him out the door. The woman testified that, "after shutting and locking the door, [the victim] put her hand to her heart, took a deep breath—she was obviously shaken. She apologized . . . for her ex-boyfriend's" behavior. The man also testified that, after pushing defendant outside, the victim closed and locked the door, said "Dios mio," and indicated that the assailant was her ex-boyfriend. On cross-examination, the woman further recalled that, when the victim first observed defendant sitting at the top of the stairs, she apologized and said, "This is my ex-boyfriend; I will deal with this."

Within two minutes of a telephone call to the police reporting the incident, an officer arrived from the Winooski Police Department. He testified that the victim's demeanor was "excited, agitated" while she told him what happened. The officer stated that he knew the defendant and was aware that he had stayed at the apartment where the incident occurred.

Defendant moved for judgment of acquittal at the close of the State's case, arguing that the evidence was insufficient to establish the element of domestic assault requiring that the victim be a "family or household member." 13 V.S.A. § 1042; see id. § 1041(adopting the definition of "family or household members" set forth in chapter 21 of Title 15); 15 V.S.A. § 1101(2) (defining "household members" to include persons who have shared occupancy of dwelling, engaged in sexual relationship, or dated). The court denied the motion.

Defendant testified in his own behalf. He claimed that the victim instigated the incident, pushing and shoving him; denied that he grabbed her around the neck; and asserted that he acted in self-defense. He acknowledged on cross-examination that he had lived with the victim. The jury returned a verdict of guilty. The court issued a written ruling denying a subsequent motion for judgment of acquittal and new trial. This appeal followed.

Defendant contends that the trial court erred in admitting the victim's hearsay statements identifying defendant as her ex-boyfriend under the excited utterance exception to the hearsay rule, and that the court accordingly erred in denying the motion for judgment of acquittal at the close of the State's case that was based, in part, on a claim of insufficient evidence that the victim was a "household member."[1] Our review of a trial court's "evidentiary rulings is deferential, and we reverse only when there is an abuse of discretion resulting in prejudice." State v. Jackson, 2008 VT 71, ¶ 9, 184 Vt. 173. The excited-utterance hearsay exception covers statements about a "startling event or condition" that is made while the "declarant was under the stress of excitement caused by the event or condition." V.R.E. 803(2). As we have explained, the critical "attribute of the statement is that the declarant's powers of reflection and fabrication be suspended because of the controlling effect of the excitement. This attribute creates the trustworthiness on which the rule is based." State v. Ayers, 148 Vt. 421, 424 (1987).

Although defendant asserts otherwise, the evidence supported the trial court's ruling that the victim's statement identifying defendant as her ex-boyfriend fit within the excited-utterance exception. As noted, the testimony established that the victim became highly agitated during the assault, exhibiting fright and anxiety, and that she remained "obviously shaken" when— moments after shoving defendant out the door—she identified him as her ex-boyfriend. Indeed, the officer who responded to the scene a few minutes later testified that she remained agitated and excited. Thus, the court's ruling was supported by the evidence, and consistent with our decisional law applying the exception. See, e.g., State v. West, 164 Vt. 192, 194 (1995) (upholding sufficiency of evidence identifying defendant as assailant based on victim's hearsay statement to police, ten minutes after incident, "that her boyfriend had punched her," where she

---

[1] We note that, although defendant objected when the male prospective tenant recalled the victim's statement about her ex-boyfriend, he did not renew the objection when the woman later recalled the same statement. The State does not argue that the claim was waived by defendant's failure to raise a second objection, and the court's decision to overrule the initial objection at least arguably made it unnecessary to renew it. V.R.E. 103(a) (providing that party need not renew an objection after court has made a "definitive" ruling admitting or excluding evidence).

was crying and bleeding, and appeared upset).  Accordingly, we conclude that the evidence was properly admitted, and was sufficient to support the judgment of conviction.[2]

    Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

---

[2] Based on our holding, we need not consider whether the trial court, in its decision denying the post-verdict motion for judgment of acquittal, correctly characterized as a "present sense impression" the woman's testimony that the victim also described defendant as her ex-boyfriend when they first arrived at the apartment.  Nor is it necessary to consider defendant's statement during his own testimony that he had lived with the victim or the testimony of the officer that he was aware that defendant had stayed at the apartment.